UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-21264-MGC– Civ Cooke

YUNIOR DOMINGUEZ, an individual,
AND SALT ADDICT, INC. D/B/A
THE BALLYHOOP, a Florida Corporation,

    Plaintiffs,

v.

BARRACUDA TACKLE LLC, a Florida
Limited Liability Company, AND
FLORIDA FISHING TACKLE MFG. CO., INC.,
a Florida Corporation, AND DAVID
BURTON YOUNG, an individual,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3) AND 12(b)(6)**

    Defendants Barracuda Tackle LLC, Florida Fishing Tackle MFG. Co., Inc., and David Burton Young (collectively, "Barracuda"), in the above styled cause, respectfully request that this Court dismiss the Complaint filed by Yunior Dominguez ("Dominguez") and Salt Addict, Inc. d/b/a the BallyHoop ("BallyHoop") (collectively, "Plaintiffs") without prejudice for failure to comply with Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(6).

**MEMORANDUM OF LAW AND FACT**

**I.    BACKGROUND**

    Barracuda is a veteran owned and operated tackle manufacturer based in St. Petersburg, Florida, primarily serving the commercial market in the St. Petersburg area. *See* Dkt. No. 1, at ¶¶ 3–5. Plaintiffs are a competitor of Barracuda in the cast net fishing industry. *Id.* at ¶ 24. On January 1, 2019, the United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 10,165,764 ("the '764 patent"), entitled "Hoop Net" to Dominguez. *Id.* at ¶ 9. BallyHoop is the purported co-owner by assignment of the '764 patent and jointly holds all rights and interest in that patent. *Id.* Plaintiffs have asserted claims of patent infringement against

Barracuda based on "at least claims 1, 2, and 3 of the '764 patent." *Id.* at ¶ 21. More specifically, Plaintiffs contend that Barracuda has directly and indirectly infringed on the '764 patent by making, marketing, and selling a collapsible bait net (hereinafter the "Accused Product") within the United States that is covered by the claims of the '764 patent. *Id.* at ¶ 22. Because Plaintiffs' Complaint fails to articulate any factual basis upon which an infringement claim can be made against the Accused Product, directly or indirectly, the Complaint should be dismissed under Fed. R. Civ. 12(b)(6). Assuming, *arguendo*, any infringement claim could cognizably be made against Barracuda, the proper venue for said claim is properly within the United States District Court for the Middle District of Florida because, as the Complaint admits, Barracuda resides in Pinellas County, Florida and does not have a regular and established place of business in any county falling within the jurisdiction of the Southern District of Florida. As such, Barracuda respectfully requests this Court dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(3) and 12(b)(6).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 states, in part, that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). At the pleading stage, a complaint should be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This standard requires "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (explaining that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Otherwise stated, a plaintiff need only have "nudged [his] claims across the line from conceivable to plausible" to withstand a motion to dismiss. *Twombly*, 550 U.S. at 570.

Prior to December 1, 2015, when certain amendments to the Federal Rules of Civil Procedure took effect, courts reviewed pleadings of direct infringement claims against the standard

set forth in Form 18 of the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission and Processing Sys.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("[T]o the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control."). The amendments abrogated Rule 84, which stated, in part, that "provision is here made for a limited number of official forms which may serve as guides in pleading." Fed. R. Civ. P. 84; *see Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016). Accordingly, Form 18 is no longer the standard by which courts judge the sufficiency of direct patent infringement pleadings. *See id.* Instead, direct infringement claims "are now subject to the pleading standards established by *Twombly* and *Iqbal*." *Id.* The court has long reviewed indirect patent infringement claims under the pleading standards espoused in *Twombly* and *Iqbal*. *See In re Bill of Lading*, 681 F.3d at 1336 ("We agree with several district courts that have addressed this issue that Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement.").[1]

Generally, when reviewing a motion under Rule 12(b)(6), a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b)(6) motion to dismiss is limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be

---

[1] Although the law of the Federal Circuit governs substantive patent issues, the Court applies the law of the Eleventh Circuit Court of Appeals when evaluating procedural issues. *See In re Bill of Lading*, 681 F.3d at 1331 ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III.   DISCUSSION

#### A.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)

##### 1.   *The patent infringement claims are against unidentified products*

Barracuda first claims that by pleading infringement of unnamed products, Plaintiffs fail to provide Barracuda with adequate notice of its claims to satisfy minimum pleading requirements. In the Complaint, Plaintiffs assert:

> Defendants have infringed and continue to infringe at least claims 1, 2, and 3 of the '764 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by making, marketing, and selling a **collapsible bait net** within the United States that is covered by the claims of the '764 patent.

Dkt. No. 1, at ¶ 21 (emphasis added). By failing to identify or sufficiently describe *any* specific product purportedly made, marketed, or sold by Barracuda, the Complaint fails to provide Barracuda with sufficient notice regarding what device is purportedly infringing. Said another way, the Complaint fails to provide Barracuda a product identification number or any photographic, Internet, or other evidence to otherwise show the Accused Product. Rather, Plaintiffs provide nothing more than a bare conclusory assertion that the "collapsible bait net" is infringing and put forth no specific factual assertions or evidentiary support to back their infringement claim. As such, the Complaint fails to state a claim upon which relief can be granted and should be dismissed for said reasoning. *Cf Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding Rule 8 satisfied where "the complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products met each and every element of at least one claim of the patent, either literally or equivalently") (internal quotations omitted); *Atmos Nation, LLC v. Bnb Enter., LLC*, No. 16-62083-CIV-DIMITROULEAS, 2017 LEXIS 135129, at * 7 (S.D. Fla. 2017) ("Plaintiffs must specify exactly which claims are at issues and what aspects of its products practice those claims.").

##### 2.   *The direct and indirect patent infringement claims are inadequately plead*

4

The sole "infringement" count in Plaintiffs' Complaint should additionally be dismissed because Plaintiffs' Complaint wholly fails to articulate how and why Barracuda is infringing "at least claims 1, 2, and 3 of the '764 of the patent under 35 U.S.C. § 271(a)." Dkt. No. 1, at ¶ 21. Rather, for the direct infringement claim under § 271(a), the Complaint simply states that Barracuda purportedly made, marketed, or sold "a collapsible bait net" "that is covered by the claims of the '764 patent." Such conclusory allegations fail to provide Barracuda with adequate notice of infringement of "claims 1, 2, and 3" to satisfy minimum pleading requirements for direct infringement. *See Blue Water Innovations, LLC v. Fettig*, No. 18-60671-CIV-Scola, 2019 LEXIS 73605, at *4-*5 (S.D. Fla. Mar. 8, 2019) ("In order to state a claim for patent infringement, 'the allegedly infringing product must practice all elements of a patent claim.' Furthermore, '[a]n allegation of direct patent infringement is insufficient under *Twombly* and *Iqbal* if it simply recites some of the elements of a representative claim and then describes generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements.'") (quoting *Raptor, LLC v. Odebrecht Constr.*, No. 17-21509, 2017 LEXIS 97440, 2017 WL 3503399, at *3 (S.D. Fla. June 22, 2017)).

The Complaint also alleges without any factual basis that Barracuda "indirectly" infringes by (1) "instructing, directing, and/or requiring others to practice some or all of the embodiments of the claims, either literally or under the doctrine of equivalents, or both, of the Asserted Patent" and (2) "continuously, consistently and systematically induc[ing] their agents, distributors, wholesalers, employers, and/or business affiliates to directly and indirectly engage in infringing activity by practicing, selling, marketing, and distributing the embodiments of the invention disclosed in the '764 patent." Dkt. No. 1, at ¶¶ 22–23. While not specifically delineated or identified in the Complaint, it appears Plaintiffs are also asserting infringement under 35 U.S.C. § 271(b). The indirect infringement allegation should also be dismissed for multiple reasons, including because, like the direct infringement claims, the Complaint wholly fails to articulate how and why the Accused Product is infringing *any* claim of the '764 Patent and because the Complaint fails to assert how and why Barracuda had any knowledge of the '764 Patent claims, that the Accused Product was infringing the same, and intended others to infringe the same. *Thermolife Int'l, LLC v. Hi-Tech Pharm., Inc.*, No. 1:15-CV-00892-ELR, 2018 LEXIS 223732, at *7 (N.D. Ga. Oct. 30, 2018) (Indirect infringement under 35 U.S.C. § 271(b) requires: "(1) a direct infringement of the patent by others; (2) the party accused of inducement knowingly

5

engaged in acts that induced the infringement by others; (3) the party accused of inducement knew of the patent at issue; and (4) the party accused of inducement acted with intent to cause a patent infringement by others.") (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) and *Sanofi v. Watson Labs. Inc.*, 875 F.3d 636 (Fed. Cir. 2017)); *see also IT Consulting GmbH v. BMC Software, Inc.*, No. 6:15-cv-1012-Orl-37KRS, 2016 LEXIS 5346, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (dismissing a complaint in patent action where plaintiff lumped direct and indirect infringement claims together in a single count). As such, the direct and indirect infringement claims should be dismissed.

### 3. The doctrine of equivalents assertions are also inadequately plead

Plaintiffs' direct and indirect patent infringement claims are partially based on infringement under the doctrine of equivalents (DOE). Dkt. No. 1, at ¶¶ 21–22. These DOE assertions are also inadequately plead, are likened to a "shotgun pleading" (as the direct and indirect infringement allegations), and require dismissal. To make out a DOE claim, "[a] patentee must establish equivalency on a **limitation-by-limitation basis** by particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016); *see also London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir. 1991) ("Application of the doctrine of equivalents is the exception, however, not the rule, for if the public comes to believe (or fear) that the language of patent claims can never be relied on, and that the doctrine of equivalents is simply the second prong of every infringement charge, regularly available to extend protection beyond the scope of the claims, then claims will cease to serve their intended purpose [and] [c]ompetitors will never know whether their actions infringe a granted patent."). Additionally, where a patentee seeks to rely on the doctrine of equivalents to support its claim of infringement, the patentee is obligated to offer legal and factual support for its position. *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014) (affirming the district court's finding of sanctions under Rule 11 and finding that "[c]ounsel was obligated to come forward with a showing of exactly why, prior to filing suit, they believed their claim of infringement under the doctrine of equivalents was reasonable")

As stated above, Plaintiffs wholly failed to adequately plead allegations of fact to support direct or indirect infringement of claims 1-3 of the '764 patent, much less how and why a missing

limitation in said claims is equivalent or an insubstantial difference to a component utilized in the Accused Product. Additionally, if the Complaint was to make a DOE claim against any of Barracuda's product(s), Barracuda respectfully submits that said DOE claim should be provided and explained in a separate count as the elements of infringement under DOE are wholly different from the elements of direct or indirect infringement. As such, Plaintiffs' DOE claim should also be dismissed.

### B.    THE COMPLAINT SHOULD ALSO BE DISMISSED PURSUANT TO RULE 12(B)(3)

"On a motion to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of demonstrating that venue is proper." *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408, 2019 WL 418860, at *3 (E.D.N.Y. Feb. 1, 2019). Accordingly, Plaintiffs bear the burden on this issue. "[C]ourts should be 'mindful that patent venue is narrower than general venue—and intentionally so.'" *RegenLab USA LLC v. Estar Technologies Ltd.*, 335 F. Supp. 3d 526, 548 (S.D.N.Y. 2018) (quoting *Peerless Network, Inc. v. Blitz Telecom Consulting, LLC*, No.17-cv-1725, 2018 WL 1478047, at *2 (S.D.N.Y. Mar. 26, 2018)). Traditionally, proper venue in a patent case was found in nearly any court in the United States. However, the Supreme Court's recent decision in *TC Heartland LLC v. Kraft Food Grp. Brands, LLC* has drastically limited this broad scope. 137 S. Ct. 1514, 1520 (2017). Pursuant to this seminal case, venue in a patent case is governed exclusively by 28 U.S.C. § 1400(b). Under this provision, venue is proper in (1) "the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).

For a business entity defendant, the residence is within its state of incorporation. Where a state has more than one judicial district, the defendant's residence is only in the single district where it has its principal place of business, or headquarters. *In Re BigCommerce, Inc.*, 890 F.3d 978, 982–86 (Fed. Cir. 2018). Here, the Complaint makes clear that each individual and entity defendant is located in St. Petersburg, Florida, i.e., within the United States District Court for the Middle District of Florida. Dkt. No. 1, at ¶¶ 3–5.

As it relates to where Barracuda has a regular and established place of business, the following elements should be met to have proper venue here in the Southern District: (1) there is a physical place in the district; (2) it must be regular and established; and (3) it must be the place

7

of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* To satisfy the first prong, there must be "a building or a part of a building set apart for any purpose" or "quarters of any kind" from which business is conducted. *Id.* at 1362. Virtual spaces or electronic communications are insufficient to satisfy the first prong. *Id.* "Regular and established" business must be steady, uniform, orderly, and methodical. *Id.* "[S]poradic activity cannot create venue." *Id.* Further, there must be a sufficient permanence; a place where special work or particular transactions are carried out do not qualify. *Id.* To satisfy the last prong, the place must be of the defendant and not solely the place of its employee(s) or independent contractor(s). *Id.* at 1363. The Complaint also fails to sufficiently allege any of the above elements, but rather states that "Defendants do business in Miami-Dade County and other counties in and throughout the Southern District of Florida." Dkt. No. 1, at ¶ 8. As previously alleged in the Complaint, Barracuda resides in St. Petersburg, Florida, and "doing business in Miami-Dade County" does not equate to having a physical place in this district that is owned by any of the Barracuda defendants or that is regular and established. As such, at the time of filing the Complaint venue was improper and the Complaint should be dismissed for said reasoning. *See Tour Technology Software, Inc. v. RTV, Inc.*, 377 F. Supp. 3d 195, 208 (E.D.N.Y. 2019) ("Nevertheless, the Court finds that the virtual tour and photography service providers are stand-alone entities that operate separate from and not pursuant to the direction of [Defendant]. The facts proffered by [Defendant] weigh in favor of a finding that the offices or locations of the photographers are not the place of [Defendant]"); *Zaxcom, Inc.*, 2019 WL 418860, at *5 (finding that a repair service center that Defendant contracted with was not the place of the defendant because either party could terminate the agreement between them at will and the service center was not restricted to working on defendant's projects).

### IV.     CONCLUSION

For the reasons set forth above, Barracuda respectfully requests this Court should grant this Motion to Dismiss and grant Barracuda any other relief it deems just and proper.

[This Section Left Intentionally Blank]

Dated: September 15, 2019
Respectfully submitted,

_____
MARK C. JOHNSON, ESQ.
*Florida Board Certified Expert in Intellectual Property Law*
Fl. Bar No. 84365
U.S.P.T.O. Reg. No. 69,349
MJ@JOHNSONDALAL.COM
**JOHNSON | DALAL**
111 N. PINE ISLAND ROAD, SUITE 103
PLANTATION, FL 33324
Tel: (954) 507-4500
Fax: (954) 507-4502

9